Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN LITIGATION CLAIMS (11 U.S.C. § 363)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

LENARD E. SCHWARTZER, Chapter 7 Trustee appointed in the above-captioned bankruptcy case (the "Chapter 7 Case"), by and through his counsel, Fox, Imes & Crosby, LLC, submits this *Motion to Approve Sale of Estate's Interest in Certain Litigation Claims (11 U.S.C. § 363 )* (the "Motion") requesting entry of an order of this Court authorizing the sale of the bankruptcy estate's interest in each of the following three (3) bundles of litigation claims for the total sum of Thirty Thousand Dollars (**$30,000.00) to Donald Kasdon, an insider**, or such higher qualified bids as the Trustee may receive prior to approval of the proposed sales, pursuant to the terms and definitions set forth in this Motion and in the Asset Purchase Agreement attached to this Motion as **Exhibit "1"**:

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $20,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

**To maximize the benefit to the estate, parties interested in overbidding may offer overbids on individual bundles or all three bundles of the litigation claims**. These three

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

bundles constitute the majority of the bankruptcy estate's potential litigation claims. The bankruptcy estate's claims against American Express, N.A., and its related entities, however, for avoidance and recovery of transfers, are expressly excluded from this proposed sale.

The Trustee has concluded the proposed sales will result in a higher net benefit for the bankruptcy estate than the Trustee would recover by asserting and/or pursuing these litigation claims. The Motion is based upon 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, the attached points and authorities, the pleadings and papers on file herein, any oral argument that may be heard on this Motion, and the *Declaration of Lenard E. Schwartzer* (the "Schwartzer Declaration") filed concurrently with this Motion.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

1. T1 PAYMENTS, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on January 30, 2023 (the "Petition Date"), and Lenard E. Schwartzer (the "Trustee") was duly appointed as the Chapter 7 Trustee for this case.

2. The Trustee determined that the assets of this bankruptcy estate include numerous litigation claims that are pending in various courts, including United States District Court for the District of Nevada, and in Clark County District Court, and also potential claims against parties pursuant to the Bankruptcy Code (collectively the "Estate Litigation Claims"). The particular claims to be sold and transferred are further described and defined below, and in the Asset Purchase Agreement attached to this Motion as **Exhibit "1."**

3. The Bankruptcy Estate's potential avoidance and recovery claims against American Express, N.A., and its related entities pursuant to Chapter 5 of the Bankruptcy Code (the "American Express Claims") are expressly excluded from the Estate Litigation Claims and are not being offered for sale or transfer at this time.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

4. The Trustee has investigated and reviewed the Estate Litigation Claims and concluded:

a. The estate has insufficient funds to employ special litigation counsel to pursue these claims on an hourly basis;

b. That Trustee's general counsel is not willing to pursue these claims on a contingency fee basis; and

c. That the Trustee's discussions with counsel for the major creditors in the case resulted in no offers for those creditors to fund the cost of litigation to pursue these claims or for their counsel to pursue the Estate Litigation Claims on a contingent fee basis; and

d. That it is not cost-effective for the estate to pursue these claims.

Additionally, following discussions with interested parties, the Trustee has not been able to develop a mutually agreeable contingency fee arrangement with any party for pursuit of these claims on behalf of the Trustee.

5. The Trustee has concluded that the Estate Litigation Claims do, however, have meaningful value as assets for purchase by other parties that are still involved in the various litigation cases, either as additional affirmative claims, or defensively, or both.

6. Toward that end, the Trustee received an offer from Donald Kasdon, an individual previously involved in the operation of the Debtor, to purchase the three bundles of Estate Litigation Claims, as is, where is, without warranty, for the total sum of $30,000.00.

7. The Trustee has divided the Estate Litigation Claims into three (3) bundles so other parties may independently overbid on any or all of the bundles of litigation claims. The particulars for the three (3) bundles are detailed in the attached Asset Purchase Agreement (**Exhibit "1"**) which describes and delineates the bundles as follows:

| **Litigation Claim Description** | **Defined Name** | **Purchase Amount** |
|---|---|---|
| The claims made against Kasdon, Debra King, and Amber Fairchild in their individual capacities (collectively, the "Individual Defendants") based on "alter ego" theories (collectively, the "Alter Ego Claims"), which are Estate Litigation Claims. The Alter Ego Claims include, but are not limited to, the following: | "Alter Ego Claims" | $20,000.00 |

| | | |
|---|---|---|
| *T1 Payments, LLC v. New U Life Corporation* (USDC Case No. 19-cv-01816):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants; and<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants.<br><br>*36 Circles LLC v. T1 Payments, LLC, et al.* (Clark County Case No. A-22-851903-C):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Theft against the Individual Defendants;<br>• Money had and received against the Individual Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Declaratory and injunctive relief against the Individual Defendants; and<br>• Fraudulent transfer against the Individual Defendants;<br><br>*Household Appliance UK LTD v. T1 Payments, LLC, et al.* (USDC Case No. 22-cv-01899):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Money had and received against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants;<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Business disparagement against the Individual Defendants;<br>• Tortious interference against the Individual Defendants;<br>• Tortious interference with prospective economic | | |

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

| | | |
|---|---|---|
| relations against the Individual Defendants; and<br>• Fraudulent conveyance against the Individual Defendants.<br><br>*Hyper SLS Ltd, et al., v. T1 Payments, LLC*, (USDC Case No. 22-cv-01517);<br><br>• Any claims that could have been brought against the Individual Defendants that are based on theories of alter ego. | | |
| Any claims held by the bankruptcy estate against Donald Kasdon or Debra King pursuant to Chapter 5 of the Bankruptcy Code (11 U.S.C. §§ 501-562) | "Kasdon/King Chapter 5 Claims" | $ 6,500.00 |
| Any affirmative claims held by the bankruptcy estate against New U Life Corporation, PayVision B.V., Bullion Holdings LLC (including claims for restitution), and any law firm that provided service to the Debtor prior to the Petition Date. | "Affirmative Claims" | $ 3,500.00 |

**D. <u>Proposal to Sell Estate's Interest in 2005 Deed of Trust</u>**

8. The Trustee has received an offer from DONALD KASDON (the "<u>Buyer</u>") to purchase the Estate's Interest in the three bundles of Estate Litigation Claims, as is, where is, without warranty, free and clear of liens and encumbrances, for the total sum of $30,000.00 cash, subject to Bankruptcy Court approval.

9. The Trustee has already received these purchase funds from the Buyer and is holding the funds in trust pending Court approval of the proposed sale.

10. The Trustee has concluded that selling the bankruptcy estate's interest in the Estate Litigation Claims for the total sum of $30,000.00 (or such higher qualified overbid as the Trustee may receive for any bundle), as is, where is, and without warranty, represents a relatively small recovery for the estate but based on the estate's inability to pursue these claims, it is worthwhile.

11. The Trustee has received an offer from another party to purchase Bundle 1 (the Alter Ego Claims), but Mr. Kasdon's offer is currently the highest and best offer.

12. The Trustee proposes, however, that the Court also consider **any higher qualified overbids** that may be made for any or all of the bundles before approval of the proposed sale to the Buyer.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

## III. MEMORANDUM OF LAW

The Trustee requests authorization to sell the entirety of the bankruptcy estate's interest in the Estate Litigation Claims pursuant to 11 U.S.C. § 363, free and clear of any liens, claims, or interests, to buyer **DONALD KASDON, the former principal manager of the Debtor and the son of the Debtor's purported owner**, and/or his assigns, for the total sum of Thirty Thousand Dollars ($30,000.00) apportioned as follows:

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $20,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

or for such higher qualified overbid as the Trustee may receive for any of the bundles prior to Bankruptcy Court approval of this sale.

The Trustee requests approval to sell the Estate Litigation Claims "as is" and without warranty, free and clear of liens, interests, encumbrances, and claims pursuant to the Asset Purchase Agreement (attached as **Exhibit "1"**) negotiated between the Trustee and the Buyer.

**Any sales resulting from overbids will be subject to the same terms set forth in the Asset Purchase Agreement, except for the final purchase price and identity of the buyer.**

### A. Sale of Assets Pursuant to 11 U.S.C. §363

11 U.S.C. § 704(1) states that a trustee "shall collect and reduce to money the property of the estate for which such trustee serves . . . ." "In principle, a trustee should liquidate estate assets only if the estate will benefit from the liquidation. In so doing, the trustee should select the method of liquidation that is most beneficial to the estate." Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

The Bankruptcy Code permits the sale of estate property outside the ordinary course after notice and a hearing, provided the trustee can demonstrate a "business justification" for the sale. See In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996); 11 U.S.C. §363(b)(1).

**1. Articulated Business Justification and Good Business Judgment**

To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See* In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Abbott's Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); Comm. of Equity Sec. Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive. Instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). *See also* Silverman as Tr. of Stanley C. Silverman Revocable Tr. , dated Aug. 26, 2006 v. Birdsell, 796 F. App'x 935 (9th Cir. 2020); Simantob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 288–89 (9th Cir.BAP2005) (a trustee's selection of bidding and sale procedures is a matter committed to the trustee's business judgment, to which the bankruptcy court and this Panel give deference). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See* Lionel, 722 F.2d at 1071. Bankruptcy courts are given

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

substantial discretion in deciding whether to authorize the sale of a debtor's assets outside of the ordinary course of business. *See* In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

In this case, the Trustee believes that the Buyer's offer of to purchase the Estate Litigation Claims for $30,000.00 total is reasonable based on the Trustee's review of the financial circumstances of this estate, the available information concerning the pending litigation and his analysis of the potential claims, and he has concluded the proposed sale is consistent with the goal of maximizing the **net benefit to the estate**. The Trustee's analysis of the offer included consideration of the Debtor's litigation history and potential claims. *See* Schwartzer Declaration.

The Trustee also considered the risk and delay if the litigation claims are not sold, and the detriment to creditors, and concluded the price is justified and represents good business judgment and will result in a meaningful tangible net benefit to the estate and creditors. The estate currently has zero funds, and after discussions with interested parties the Trustee has not been able to structure a mutually agreeable contingency fee arrangement to pursue the claims and still benefit the bankruptcy estate. The Trustee has no information concerning the collectability of any judgment against Donald Kasdon or his motion, the purported owner of the Debtor, but he has doubts that a large judgment could be collected. *See* Schwartzer Declaration.

Regarding the claim against Payvision, B.V., a Dutch entity (included in Bundle 3), the Trustee has concluded this Court and all United States Courts appear to lack jurisdiction which could require litigating those claims in the Netherlands.

**2. The Proposed Sale Will Further the Interests of Creditors**

Since the majority of the Estate Litigation Claims are already in active litigation (and are not subject to the automatic stay pursuant to 11 U.S.C. § 362), the Trustee has concluded that delaying this sale will diminish the value of the litigation claims to the detriment of the estate and creditors. The proposed sale, but contrast will bring funds into the bankruptcy estate and further the interests of the estate and creditors. The Trustee has concluded that the proposed sale of the Estate Litigation Claims represents a prudent and proper exercise of the Trustee's business judgment under the circumstances and is in the best interests of creditors of the Debtor's estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that

the Purchase Price is reasonable and represents fair value. *See* Schwartzer Declaration.

**3. Notice of the Sale**

Notice of this proposed sale of the Plantain Property will be served in accordance with Fed. R. Bankr. P. 6004(a), on any parties/persons who have requested notice.

**B. Sale of Assets Free and Clear of Liens, Security Interests, Encumbrances, and Claims Under 11 U.S.C. § 363(f)**

Once the Court determines that a valid business justification exists for the sale, the Court must determine whether such a sale can be made free and clear of existing liens, security interests, encumbrances, and claims. Section 363(f) of the Code governs the sale of property of the estate free and clear of liens and provides, in pertinent part, the following:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if –
> (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) Such entity consents;
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) Such interest is in bona fide dispute; or
> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f).

Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell the property free and clear of liens. *See e.g.,* Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

The Trustee is not aware of any security interest in the Estate Litigation Claims that has been asserted or perfected. As such, 11 U.S.C. § 363(f) permits the sale free and clear of liens and encumbrances. *See* Schwartzer Declaration.

If no secured creditor or other alleged secured creditor, lien holder, or encumbrance holder receiving notice of this sale files a written objection to this sale, such parties should be deemed to have consented to the sale of the Estate's Interest pursuant to 11 U.S.C. §363(f)(2). *See also* In re Metropolitan Mortgage & Secs. Co., 2007 WL 2277573 at *4 (Bankr. E.D. Wash 2007); In re

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Congoleum Corp., 2007 WL 142844 at *1 (Bankr. D.N.J. 2007); Citicorp Homeowners Servs., Inv. v. Elliot (In re Elliot), 94 B.R. 345 (E.D. Pa. 1988).

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court grant this sale Motion and enter an order:

1. Authorizing and approving the sale and transfer of 100% of the bankruptcy estate's interest in the Estate Litigation Claims to DONALD KASDON (the "Buyer"), and/or his assigns pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without warranty, free and clear of liens, claims, and other interests, pursuant to the terms set forth herein and in the attached Asset Purchase Agreement (**Exhibit "1"**), for the following sums, **or for such higher qualified overbid(s) as the Trustee may receive for any individual bundle:**

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $20,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

2. Authorizing the Trustee to execute any documents reasonably necessary to close the sale and to transfer possession and all of the bankruptcy estate's right, title, and interest in the Estate Litigation Claims to the Buyer and/or his assigns free and clear of liens, claims, and other interests; and

3. That disputed liens, if any, asserted against the bankruptcy estate's interest in the Estate Litigation Claims shall attach to the proceeds with payment subject to separate approval and order by this Court; and

4. For such further relief as is just and proper.

A proposed form of order is attached to this Motion as **Exhibit "2."**

DATED: April 19, 2024.

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

# EXHIBIT "1"

# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of the signatures below, is by and between **LENARD E. SCHWARTZER,** as chapter 7 trustee (the "Trustee") of the bankruptcy estate of T1 Payments, LLC, and **DONALD KASDON** ("Kasdon"). Trustee and Kasdon may be referred to as the Parties, or each a Party.

## RECITALS:

**WHEREAS**, on January 30, 2023 (the "Petition Date"), debtor T1 PAYMENTS, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), assigned Case No. 23-10290-mkn, and the Trustee was appointed as the Chapter 7 Trustee to administer the bankruptcy estate and its assets (the "Bankruptcy Estate"); and

**WHEREAS**, the Trustee has determined that the assets of the Debtor's Bankruptcy Estate include numerous pending and potential litigation claims that may be pursued and/or liquidated for the benefit of the Bankruptcy Estate and creditors; and

**WHEREAS**, Kasdon has offered to purchase the following particular litigation claims (collectively the "Estate Litigation Claims") held by the bankruptcy estate for the following sums:

| Litigation Claim Description | Defined Name | Purchase Amount |
|---|---|---|
| The claims made against Kasdon, Debra King, and Amber Fairchild in their individual capacities (collectively, the "Individual Defendants")based on "alter ego" theories (collectively, the "Alter Ego Claims"), which are Estate Litigation Claims. The Alter Ego Claims include, but are not limited to, the following:<br><br>*T1 Payments, LLC v. New U Life Corporation* (USDC Case No. 19-cv-01816):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants; and<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants.<br><br>*36 Circles LLC v. T1 Payments, LLC, et al.* (Clark County Case No. A-22-851903-C):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Theft against the Individual Defendants;<br>• Money had and received against the Individual | "Alter Ego Claims" | 20,000.00 |

| | | |
|---|---|---|
| Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Declaratory and injunctive relief against the Individual Defendants; and<br>• Fraudulent transfer against the Individual Defendants;<br><br>*Household Appliance UK LTD v. T1 Payments, LLC, et al.* (USDC Case No. 22-cv-01899):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Money had and received against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants;<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Business disparagement against the Individual Defendants;<br>• Tortious interference against the Individual Defendants;<br>• Tortious interference with prospective economic relations against the Individual Defendants; and<br>• Fraudulent conveyance against the Individual Defendants.<br><br>*Hyper SLS Ltd, et al., v. T1 Payments, LLC*, (USDC Case No. 22-cv-01517);<br><br>• Any claims that could have been brought against the Individual Defendants that are based on theories of alter ego. | | |
| Any claims held by the bankruptcy estate against Donald Kasdon or Debra King pursuant to Chapter 5 of the Bankruptcy Code (11 U.S.C. §§ 501-562) | "Kasdon/King Chapter 5 Claims" | 6,500.00 |
| Any affirmative claims held by the bankruptcy estate against New U Life Corporation, PayVision B.V., Bullion Holdings LLC (including claims for restitution), and any law firm that provided service to the Debtor prior to the Petition Date. | "Affirmative Claims" | 3,500.00 |

**WHEREAS**, the Trustee has concluded that selling these Estate Litigation Claims for the sums proposed is in the best interest of the bankruptcy estate, with the understanding that these Estate Litigation Claims are being sold as-is, where-is, without warranty, subject to overbid, and subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 363, and he has accordingly negotiated the terms set forth in this Asset Purchase Agreement at arms-length for that purpose; and

**WHEREAS**, subject to Bankruptcy Court approval, the Trustee has the power and authority to sell and assign all of the Bankruptcy Estate's right, title and interest in and to each Estate Litigation Claim to Kasdon, or such qualified overbidder (with the successful purchaser of each Estate Litigation Claim referred to hereinafter as "Purchaser").

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The following purchase prices for each of the Estate Litigation Claims shall be delivered to the Trustee within three (5) business days of receipt by Kasdon or his Counsel of this executed Agreement in the following amounts:

| | | |
|---|---|---|
| a. | Alter Ego Claims | $20,000.00 |
| b. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| c. | Affirmative Claims | $ 2,500.00 |

The Trustee shall hold said funds as a deposit in trust pending entry of an order of the Bankruptcy Court approving the sale of the Estate Litigation Claims and after fourteen (14) calendar days for the notice of any appeal.

Any remaining balance of any approved purchase of an Estate Litigation Claim shall be paid by the buyer to the Trustee no later than 14 days after entry of an order of the Bankruptcy Court approving the sale of an Estate Litigation Claim. If any of the Estate Litigation Claims are sold to any overbidding buyer other than Kasdon, then the corresponding funds deposited by Kasdon for that particular asset shall be timely refunded by the Trustee back to Kasdon.

2. **Assignment Assets and Claims.** Upon approval of this Purchase Agreement and receipt of the purchase proceeds, the Trustee irrevocably and unconditionally sells, assigns, transfers and conveys to the purchaser all of the Bankruptcy Estate's right, title and interest under, in and to the purchase asset, as well as any and all claims and rights related to the purchased asset, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the purchase asset, the right to pursue or abandon any appropriate litigation as the holder of said claim, and all amounts, interest, and costs due under the purchased assets.

3. **Authority to Sell.** Subject to Bankruptcy Court approval, the sale of any Estate Litigation Claim by the Trustee is made pursuant to the authority vested in the Trustee.

4. **Payments Received on Assets.** The Trustee further agrees that any payments received by the Trustee on account of any Estate Litigation Claims after the close of this sale shall constitute property of the purchaser and the Trustee will promptly deliver such payment to purchaser.

**UNLESS SPECIFICALLY SET FORTH HEREIN, THE TRUSTEE SELLS, ASSIGNS, AND TRANSFERS ESTATE LITIGATION CLAIMS TO PURCHASERS "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER**

**EXPRESS, IMPLIED OR IMPOSED BY LAW. HOWEVER, THIS ENTIRE AGREEMENT IS CONDITIONED UPON TO BANKRUPTCY COURT APPROVAL.**

5. **Free and Clear Sale.** The sale of Estate Litigation Claims shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

6. **Documents of Assignment.** The Trustee shall execute and deliver to any purchaser such documents as are reasonably requested to evidence and effectuate the transfer and assignments contemplated by this Agreement in a form reasonably acceptable to the parties hereto.

7. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between the Trustee and Kasdon for the purchase of the Estate Litigation Claims and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

8. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of the Trustee and the Purchaser.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of Nevada. Any action to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in the United States Bankruptcy Court, District of Nevada. The Parties submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

10. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year written below.

**DONALD KASDON**

By: Donald Kasdon
Donald Kasdon (Apr 4, 2024 16:36 GMT+1)
Name: Donald Kasdon Date: April 4, 2024
Its:

Address:

**BANKRUPTCY ESTATE OF T1 PAYMENTS, LLC**

By: ______________________________
Name: LENARD E. SCHWARTZER Date:
Its: Chapter 7 Trustee

Address: 6655 W. Sahara Ave., #B200-107, Las Vegas, NV 89146

**EXPRESS, IMPLIED OR IMPOSED BY LAW. HOWEVER, THIS ENTIRE AGREEMENT IS CONDITIONED UPON TO BANKRUPTCY COURT APPROVAL.**

5. **Free and Clear Sale.** The sale of Estate Litigation Claims shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

6. **Documents of Assignment.** The Trustee shall execute and deliver to any purchaser such documents as are reasonably requested to evidence and effectuate the transfer and assignments contemplated by this Agreement in a form reasonably acceptable to the parties hereto.

7. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between the Trustee and Kasdon for the purchase of the Estate Litigation Claims and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

8. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of the Trustee and the Purchaser.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of Nevada. Any action to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in the United States Bankruptcy Court, District of Nevada. The Parties submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

10. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year written below.

**DONALD KASDON**

By: Donald Kasdon
Donald Kasdon (Apr 4, 2024 16:36 GMT+1)
Name: Donald Kasdon Date: April 4, 2024
Its:

Address:

**BANKRUPTCY ESTATE OF T1 PAYMENTS, LLC**

By: [signature] 4/4/24
Name: LENARD E. SCHWARTZER Date:
Its: Chapter 7 Trustee

Address: 6655 W. Sahara Ave., #B200-107, Las Vegas, NV 89146

# EXHIBIT "2"

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN LITIGATION CLAIMS (11 U.S.C. § 363)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

The Trustee's *Motion to Approve Sale of Estate's Interest in Certain Litigation Claims (11 U.S.C. § 363 )* (the "Motion") [ECF No. ___ ] having come before this Court on the ___ day of ______ , 2024; LENARD E. SCHWARTZER, Chapter 7 Trustee appointed in the above-captioned bankruptcy case, appearing by and through his counsel, Fox, Imes & Crosby, LLC, and any other parties appearing as noted on the record; no opposition having been filed, and no overbids offered; it appearing that notice and an opportunity for a hearing on the Motion has been given and is appropriate under the circumstances in this Chapter 7 case, and that no other or further notice need be given; the Court having reviewed and considered the Motion and the oral

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

argument and representations made by the parties; the Court having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell and transfer 100% of the bankruptcy estate's interest in the Estate Litigation Claims[1] to DONALD KASDON (the "Buyer"), and/or his assigns pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without warranty, free and clear of liens, claims, and other interests, pursuant to the terms set forth in the Motion and in the attached Asset Purchase Agreement (**Exhibit "1"**), for the following sums:

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $20,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents reasonably necessary to close the sale and to transfer possession and all of the bankruptcy estate's right, title, and interest in the Estate Litigation Claims to the Buyer and/or his assigns free and clear of liens, claims, and other interests; and

**IT IS FURTHER ORDERED** that disputed liens, if any, asserted against the bankruptcy estate's interest in the Estate Litigation Claims shall attach to the proceeds with payment subject to separate approval and order by this Court.

Submitted by:

________________________________

Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

[1] All capitalized terms used herein and not otherwise defined shall have the same meaning herein as in the Motion.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_______________
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC
# # #