Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LISA KAYE AND GOAT PAYMENTS, INC. (FRBP 9019)**<br><br>Hearing Date:<br>Hearing Time: |

LENARD E. SCHWARTZER (the "Trustee"), Chapter 7 Trustee appointed in the above-captioned bankruptcy case (the "Chapter 7 Case"), by and through his counsel, Fox, Imes & Crosby, LLC, submits this *Motion to Approve Settlement Agreement with Lisa Kaye and GOAT Payments, Inc.* (the "Motion") requesting Bankruptcy Court approval of the Trustee's proposed settlement agreement with LISA KAYE and GOAT PAYMENTS, INC. (collectively the "Kaye Parties") pursuant to Fed.R.Bankr.P. 9019.

A copy of the proposed settlement agreement (the "Settlement Agreement") is attached as **Exhibit "1,"** and this Motion is further supported by the following points and authorities, the papers and pleadings filed in this case, and the *Declaration of Lenard E. Schwartzer* (the "Schwartzer Declaration") filed concurrently with this brief.

In general terms, the parties have agreed to mutually release and waive any claims, and to dismiss the California litigation. The Trustee has concluded that pursuing the Debtor's claims in the California litigation will not result in a net benefit to the estate and does not justify the projected expense and risk, and the Kaye Parties are waiving any claim against the estate for

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

attorney fees related to the litigation.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

### A. The Bankruptcy Case

1. T1 PAYMENTS, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on January 30, 2023 (the "Petition Date"), and Lenard E. Schwartzer (the "Trustee") was duly appointed as the Chapter 7 Trustee for this case.

2. The Trustee determined that the assets of this bankruptcy estate include numerous litigation claims pending in various courts in several states including Nevada and California prior to the Petition Date. These claims asserted and litigated by the Debtor prior to the Petition Date are now property of the bankruptcy estate, and the Debtor's claims are not stayed by the automatic stay provisions of 11 U.S.C. § 362.

### B. The Kaye Litigation

3. On August 23, 2021, prior to the Petition Date, the Debtor commenced litigation against the Kaye Parties pending in the Superior Court for the State of California, County of Los Angeles, captioned as T1 Payments, LLC v. Lisa Kaye, et al., Case Number 21STCV31033 (the "Kaye Litigation").

4. The Debtor alleged in the Kaye Litigation that the Kaye Parties misappropriated the Debtor's confidential and proprietary information and used this information to solicit the Debtor's clients to transition to GOAT Payments, Inc. Based on the allegations, the Debtor asserted causes of action for (1) misappropriation of trade secrets (Cal. Civil Code § 3426 et seq.), (2) breach of fiduciary duty, (3) breach of duty of loyalty, (4) breach of duty of confidentiality, and (5) conversion.

5. As of the Petition Date, the Trustee is now the real party in interest to assert and/or resolve the Debtor's claims in the Kaye Litigation because those claims are now property of the

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Bankruptcy Estate.

6. The Kaye Litigation is currently scheduled to commence trial in October 2024.

7. The Kaye Parties deny the allegations asserted by the Debtor in the Kaye Litigation and have defended against the claims.

8. The Trustee has reviewed and evaluated the Debtor's claims in the Kaye Litigation, considered the expense and risk of continued litigation, considered the sufficiency of the evidence, and concluded that it is not in the best interest of the estate to continue to expend estate resources litigating the Kaye Litigation. He has determined that the bankruptcy estate is better served by terminating its participation in the litigation in exchange for a mutual waiver of claims.

**C. Trustee Seeks Approval of Settlement Agreement**

9. The Trustee has negotiated the proposed Settlement Agreement with the Kaye Parties at arms-length to mutually resolve, release, and waive all claims, including the estate's claims in the Kaye Litigation, and any claim the Kaye Parties may assert against the bankruptcy estate for legal fees and costs related to the Kaye Litigation. A key decision point for the Trustee was that the litigation was filed to prevent unlawful competition by a former employee, but since the Debtor is no longer in business this concern is no longer relevant.

10. The Trustee believes the proposed Settlement Agreement is in the best interest of the estate and creditors, and that it is appropriate for the Bankruptcy Court to approve the agreement pursuant to Fed.R.Bankr.P. 9019.

## III. MEMORANDUM OF LAW

**A. Standard for Approval of the Settlement.**

Fed.R.Bankr. P. 9019(a) provides that, after notice and a hearing, a Court may approve a Trustee's proposed settlement of a claim. Whether a compromise should be accepted or rejected lies within the sound discretion of the Court. In re Carson, 82 B.R. 847 (Bankr. S.D. Ohio 1987); In re Ericson, 6 B.R. 1002 (D. Minn. 1980); Knowles v. Putterbaugh (In re Hallet), 33 B.R. 564 (Bankr. D. Me. 1983); In re Mobile Air Drilling Co., Inc., 53 B.R. 605 (Bankr. N.D. Ohio 1985); In re Hydronic Enterprise, Inc., 58 B.R. 363 (Bankr. D. R.I. 1986).

The Ninth Circuit in Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986) has stated:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (quoting In re Flight Transportation Corp. Securities Litigation, 730 F.2d 1128, 1135 (8th Cir. 1984) (citations omitted), cert. denied, 105 S.Ct. 1169 (1985)).

Notably, a court should refrain from substituting its own judgment for the judgment of the party charged with operation and maintenance of the estate. In re Carla Leather, Inc., 44 B.R. at 465. As the Second Circuit has stated, in reviewing a proposed settlement a court should not "decide the numerous questions of law and fact . . . but rather canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant & Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983). A "mini-trial" on the merits of the underlying cause of action is not required and should not be undertaken by the bankruptcy court. In re Blair, 538 F.2d 849 (9th Cir. 1976); In re Walsh Construction, Inc., 669 F.2d 1325 (9th Cir. 1982).

Weighing the foregoing factors as set forth below, the Trustee believes that the proposed Settlement Agreement satisfies the A & C Properties factors and is in the best interest of the estate and creditors.

**B. Application of A&C Properties Factors**

**1. Probability of Success**

Based on his review and evaluation of the Kaye Litigation, the Trustee determined that continued litigation of the estate's claims would be unlikely to result in a net benefit to the estate and creditors. The Trustee did not commence this litigation, and he has not identified any sufficiently compelling evidence that the Kaye Parties can be held liable for the misappropriation

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

and breach claims asserted by the Debtor, and litigation of trade secret misappropriation claims is inherently expensive and risky, and further complicated by the out-of-state venue.

Furthermore, during his investigation and review of the Kaye Litigation, including discussions with the opposing party, the Trustee learned that the Debtor and the Kaye Parties had been working on a similar settlement agreement for mutual release prior to the Petition Date, but their compromise was never concluded due to the bankruptcy filing. The Debtor's apparent intention to walk away from the litigation reinforced the Trustee's conclusion that pursuing this litigation was not cost-effective and was not in the best interest of the bankruptcy estate.

The Trustee's conclusion is further supported by the fact that no party was interested in pursuing the Kaye Litigation on behalf of the Trustee on a contingency fee basis, and no party was interested in purchasing these claims from the estate. Accordingly, the Trustee considered the likelihood of success of the claims and concluded the first A&C Properties element weighs in favor of approving the proposed settlement.

**2. Difficulty of Collection**

The Trustee has not comprehensively investigated the financial status of the Kaye Parties, but based on available information, he is concerned that -- even if the bankruptcy estate secured a judgment -- it would be difficult to collect against these parties, particularly since both are located outside the State of Nevada and do not appear to have extensive non-exempt assets. As such, the Trustee believes this second element is either neutral or favors settlement over continued litigation.

**3. Complexity of Litigation and Expense, Inconvenience, and Delay**

A review of the Kaye Litigation prior to the Petition Date demonstrates the claims now held by the estate for misappropriation of trade secret and various other breaches, are complex and will be difficult and expensive to continue litigating in state court, with all the attendant risk of litigation. The Trustee will need to engage counsel to learn and prepare the case for trial in October which will add substantial additional expense and delay for the estate.

Since the Kaye Parties are waiving any claim against the estate for attorney's fees and costs, approval of the Settlement Agreement by this Court will facilitate a speedy resolution of the

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

matter with a tangible benefit to the bankruptcy estate. As such, the Trustee believes the fourth element, consideration of expense and delay, favors approval of the proposed Settlement Agreement over litigation.

**4. Paramount Interest of Creditors**

Based on his evaluation, the Trustee has concluded that terminating the Kaye Litigation is in the best interest of the estate and creditors because the expense and risk of continuing the litigation is unlikely to result in a net benefit.

Additionally, the Settlement Agreement confirms that the Kaye Parties waive any claim against the estate for attorney's fees and costs for the Kaye Litigation. This is a tangible benefit to the estate and creditors because such a claim could be substantial and would further dilute the claim pool. Cal. Civ. Code § 3426.4 authorizes an award of attorney's fees and costs to the prevailing party in misappropriation cases if the litigation was commenced for bad faith purposes including harassment, delay, or to thwart competition, and this includes situations where claims are asserted despite insufficient evidence of misappropriation. An unpublished opinion by a California court of appeals recently upheld an attorney fee award exceeding $270,000 to a defendant accused by its former employer (without sufficient evidence) based on a suspicion of misappropriating trade secret where there was no evidence of misappropriation after discovery. Reilly Fin. Advisors v. Cariani, No. D081870, 2024 Cal. App. Unpub. LEXIS 1734, at *1 (Mar. 19, 2024). The fees were awarded following summary judgment, prior to trial. *See also,* FLIR Systems, Inc. v. Parrish (Cal. App. 2d Dist. 2009), 174 Cal. App. 4th 1270, 95 Cal. Rptr. 3d 307, 2009 Cal. App. LEXIS 943. (action against former employees warranted award of fees and costs under § 3426.4 since no showing of actual damages, misappropriation, threatened misappropriation under CC § 3426.2(a), or imminent harm).

The Trustee has determined that pursuing litigation in this instance will not result in a net benefit to the estate, and the defendants' waiver of any fee claim is an additional benefit to the estate. After considering the expense, risk, and delay of litigation, the Trustee has determined the proposed Settlement Agreement is in the best interest of the estate and creditors, and satisfies the fourth A&C Properties element for approval.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

## IV. CONCLUSION

Based upon the foregoing, the Trustee requests that this Motion be granted and that the proposed Settlement Agreement with Lisa Kaye and GOAT Payments, Inc. set forth in the attached **Exhibit "1"** be approved pursuant to Fed.R.Bankr.P. 9019.

A proposed form of order is attached to this Motion as **Exhibit "2."**

DATED: April 19, 2024.

/s/ Jason A. Imes
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT and RELEASE ("Agreement") is made and entered into as of the last execution date below (the "Effective Date") by and between Lenard E. Schwartzer (the "Trustee"), as Chapter 7 Trustee for the bankruptcy estate of T1 Payments, LLC ("T1"), on the one hand, and Lisa Kaye and GOAT Payments, Inc. ("GOAT"). The Trustee, Kaye, and GOAT shall each be referred to as a "Party" and together as the "Parties."

## RECITALS

WHEREAS, on August 23, 2021, T1 commenced litigation against GOAT and Kaye, which is pending in the Superior Court for the State of California, County of Los Angeles, and is entitled *T1 Payments, LLC v. Lisa Kaye, et al.*, Case Number 21STCV31033 (the "Action");

WHEREAS, T1 alleged in the Action that Kaye and GOAT misappropriated T1's confidential and proprietary information, and used this information to solicit T1's clients to transition to GOAT. Based on the allegations, T1 asserted causes of action for (1) Misappropriation of Trade Secrets (Cal. Civil Code § 3426 *et seq.*), (2) Breach of Fiduciary Duty, (3) Breach of Duty of Loyalty, (4) Breach of Duty of Confidentiality, and (5) Conversion;

WHEREAS, on January 30, 2023, T1 filed a petition pursuant to Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court, District of Nevada (*In re T1 Payments, LLC,* Case No. 23-10290-MKN) (the "Bankruptcy Case") and the Trustee was appointed as the Chapter 7 Trustee to administer the resulting bankruptcy estate (the "Bankruptcy Estate"). As such, the Trustee is now the real party in interest to assert and/or resolve T1's claims in the Action because those claims are now property of the Bankruptcy Estate;

WHEREAS, Kaye and GOAT deny the allegations of the Complaint;

WHEREAS, the Parties understand, acknowledge, and agree that this Agreement is the compromise of the claims raised in the Action and that nothing contained herein constitutes an admission of liability or wrongdoing. At this time, however, the Parties desire to avoid further litigation expenses and to resolve T1's claims against Kaye and GOAT as they relate to the Action as fully set forth herein;

NOW, THEREFORE, in consideration of the covenants contained in this Agreement, and for other further good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, including the avoidance of further costs, inconvenience, and uncertainties of litigation, the Parties agree as follows:

## TERMS OF SETTLEMENT

The recitals above are incorporated herein, in their entirety, by this reference. The Parties hereby agree as follows:

1. <u>Provision of Information</u>: Within five (5) business days of the full execution of this Agreement, GOAT and Kaye agree to provide information sufficient to identify any previous client or customer of T1 ("Former T1 Client") who became a client or customer of GOAT

(regardless if the Former T1 Client remains a client or customer of GOAT) if requested by the Trustee. GOAT and Kaye also agree to provide information sufficient to identify any Former T1 Client who GOAT and/or Kaye assisted in onboarding elsewhere. A Former T1 Client includes clients or customers whose principals may operate under a different entity at the time that it/they became a client or customer of GOAT, or at the time that GOAT and/or Kaye assisted in onboarding it/them elsewhere, provided that GOAT and/or Kaye has knowledge of that prior relationship. This information will be accompanied by a declaration sufficient to authenticate this information as a business record under California Evidence Code § 1271, which format counsel for the Trustee shall provide.

2. Dismissal of the Pending Litigation: Promptly upon full execution of this Agreement, and entry of an order of the Bankruptcy Court approving this Agreement pursuant to Fed.R.Bankr.P. 9019, the parties will stipulate to dismiss the Action with prejudice. Upon execution of this Agreement, the Trustee shall promptly seek Bankruptcy Court approval of this Agreement pursuant to Fed.R.Bankr.P 9019.

3. Attorneys' Fees and Costs: The Parties shall bear their own attorneys' fees and costs in connection with the Action and in connection with performance of this Agreement.

4. Mutual Releases: Except for the obligation to provide the information in Paragraph 1 of this Agreement, the Trustee on the one hand, and Goat and Kaye on the other hand, including said Parties' successors, predecessors, subsidiaries, affiliated entities, heirs, assigns, executors, administrators, conservators, trusts, beneficiaries, agents, servants, employees, officers, directors, partners, owners, and representatives ("Releasors") irrevocably release, acquit, dismiss, and forever discharge the Parties on the other side, including said Parties' successors, predecessors, subsidiaries, affiliated entities, heirs, assigns, executors, administrators, conservators, trusts, beneficiaries, agents, servants, employees, officers, directors, partners, owners, representatives, and attorneys ("Releasees") from any and all past, present, and future claims, actions, demands, obligations, damages, injuries, losses, causes of action, remedies, costs, expenses, compensation, debts, liens, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, that Releasors have or may have at the time of the Effective Date arising out of, relating to, or based upon the matters alleged in the Action and/or the Parties' business or employment relations, including but not limited to all causes of action brought in the Pending Litigation, any claims for declaratory relief, economic damages, non-economic damages, punitive damages, pre-judgment interest, post-judgment interest, or attorneys' fees and costs, and any and all tort, contract, or statutory claims of any type or nature whatsoever ("Released Claims").

5. Release and Waiver of Rights Under Section 1542: The Parties to this Agreement further warrant, represent and agree that they are fully aware of California Civil Code Section 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR**

**HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties hereby waive and relinquish every right or benefit that they have or might have under Section 1542 to the fullest extent that they may lawfully waive such right or benefit with regard to the subject matter of this Agreement. In connection with such waiver and relinquishment, the Parties acknowledge that they are aware that they might later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention hereby fully, finally, and forever to settle and release all matters, known or unknown, suspected or unsuspected, which now exist, might exist, or previously existed, prior to and including the Effective Date between the Parties as set forth above. This Agreement is intended to be and is final and binding, regardless of any claims of misrepresentation, concealment of fact, or mistake of law or fact, and shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

6. No Admission of Liability or Wrongdoing: Nothing herein shall constitute or be construed as an admission or concession by the Parties of: (i) liability of any nature; or (ii) the truth of any allegations made in the Complaint. Neither this Agreement nor the terms or contents thereof shall be admissible in any court, administrative proceeding, arbitration, or other dispute resolution proceeding except to the extent necessary to enforce the rights and/or obligations arising under this Agreement.

7. Cooperation/Facilitation: The Parties agree to cooperate fully, to execute and deliver any and all supplementary documents, and to take all additional actions that reasonably may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement without the receipt of further consideration.

8. Successors and Assigns: This Agreement will be binding upon the Parties' successors, assigns, heirs, executors, administrators, and other legal representatives.

9. Retained Jurisdiction and Enforcement under C.C.P. § 664.6. The Parties agree that each has the right to enforce this Settlement Agreement, or any provision thereof, by filing any appropriate motion or proceeding, including, without limitation, a motion pursuant to California Code of Civil Procedure § 664.6, in the appropriate law and motion department of the Los Angeles County Superior Court. The Parties further agree, acknowledge and stipulate that the Los Angeles County Superior Court, shall have jurisdiction over the Parties to determine any motion brought pursuant to California Code of Civil Procedure § 664.6. The parties hereto expressly agree that the request for dismissal of the Action with prejudice shall include the following language: "The court is to retain jurisdiction pursuant to CCP § 664.6 and the settlement agreement attached hereto as Exhibit 'A'".

10. Confidentiality: The Parties shall keep the terms of this Agreement confidential, except that the Parties may disclose this Agreement to their advisors, accountants, and investors, provided they maintain the terms of the Agreement confidential. The Parties may also disclose this Agreement if required by law or court order; however, before such disclosure, the Party that

intends to disclose the Agreement shall give written notice of its intent to do so in time for the other party, if it decides to do so, to file for a protective order. In addition, the Parties may disclose that they have settled the Action, but without disclosing the terms of this Agreement. The parties also acknowledge and agree that a copy of this Agreement may be attached as an exhibit to the Trustee's motion for Bankruptcy Court approval of this Agreement pursuant to Fed.R.Bankr.P. 9019.

11. Entire Agreement: This Agreement represents the entire agreement between the Parties regarding the matters set forth herein and supersedes all prior agreements and discussions. There are no warranties, representations, agreements, promises, or terms other than as set forth herein. The terms of this Agreement may be amended, waived, canceled, novated, or modified only by a writing signed by the Party against whom said amendment, waiver, cancellation, novation, or modification is asserted.

12. Construction: The Parties acknowledge that they were represented by independent and competent legal counsel in connection with the negotiation and drafting of this Agreement, and that this Agreement has been collectively and jointly drafted by the Parties. Consequently, the interpretation of this Agreement (or any specific provision herein) shall not be construed either for or against any particular Party based upon its status as the drafter of such provision.

13. Severability: In the event that any provision of this Agreement shall be found unenforceable by an arbitrator or court of competent jurisdiction, the provision shall be deemed modified to the extent necessary to allow enforceability of the provision as so limited, it being intended that the Parties shall receive the benefits contemplated herein to the fullest extent permitted by law. If a deemed modification is not satisfactory in the judgment of such arbitrator or court, the unenforceable provision shall be deemed deleted, and the validity and enforceability of the remaining provisions shall not be affected thereby.

14. Knowing and Voluntary Agreement: Each of the Parties has been advised by their respective counsel as to the terms of this Agreement and understands and knowingly and voluntarily agrees to the terms of this Agreement without duress or influence by any other Party or any third person. Each natural person signing this Agreement on behalf of a Party represents and warrants that he or she has authority to bind that Party to this Agreement.

15. Survival: All of the representations, warranties, and covenants provided herein shall survive the date of this Agreement.

16. Counterparts and Signatures: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile or email may be used and shall be binding on all Parties. This Agreement, regardless of whether it has original, facsimile, copy, or pdf signatures, shall be binding and enforceable upon the affixing of such signatures by the Parties to this Agreement.

17. Headings: Titles, headings, or captions herein are inserted as a matter of convenience, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof

18. Attorneys' Fees. Each Party to this Agreement shall bear his or its own attorneys' fees and cost incurred in connection with the defense and prosecution of the Complaint and the negotiations and execution of this Agreement. However, in the event that any party is forced to bring an action to enforce or defend this Agreement, the prevailing party in that action shall be entitled to his/its reasonable fees and costs.

**DATED: April ___, 2024** **Bankruptcy Estate of T1 Payments, LLC**

**By: Lenard E. Schwartzer**
**Title: Chapter 7 Trustee for the Bankruptcy Estate of T1 Payments, LLC**

**Signature:**________________________________________

**DATED: April ___, 2024** 4/18/2024 **GOAT Payments, Inc.**

**By:** Rory Cypers
**Title:** na

**Signature:** DocuSigned by: Rory Cypers DE7759359A82457...

**DATED: April ___, 2024** 4/10/2024 **Lisa Kaye**

**Signature:** DocuSigned by: Lisa Kaye 2939EF87ABD340F...

18. Attorneys' Fees. Each Party to this Agreement shall bear his or its own attorneys' fees and cost incurred in connection with the defense and prosecution of the Complaint and the negotiations and execution of this Agreement. However, in the event that any party is forced to bring an action to enforce or defend this Agreement, the prevailing party in that action shall be entitled to his/its reasonable fees and costs.

**DATED: April 11, 2024**

**Bankruptcy Estate of T1 Payments, LLC**

**By: Lenard E. Schwartzer**
**Title: Chapter 7 Trustee for the Bankruptcy Estate of T1 Payments, LLC**

**Signature:**________________________________________

**DATED: April ___, 2024**

**GOAT Payments, Inc.**

**By:**
**Title:**

**Signature:**________________________________________

**DATED: April ___, 2024**

**Lisa Kaye**

**Signature:**________________________________________

# EXHIBIT "2"

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LISA KAYE AND GOAT PAYMENTS, INC. (FRBP 9019)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

The Trustee's *Motion to Approve Settlement Agreement with Lisa Kaye and GOAT Payments, Inc. LLC (FRBP 9019)* (the "Settlement Motion") [ECF No. ___] having come before this Court on the 22nd day of May, 2024; LENARD E. SCHWARTZER, Chapter 7 Trustee, appearing by and through his counsel, Jason A. Imes, Esq., of the law firm of Fox, Imes & Crosby, LLC; other parties appearing as noted on the record, and no opposition having been filed; it appearing that notice and an opportunity for a hearing on the Motion has been given and is appropriate under the circumstances in this Chapter 7 case, and that no other or further notice need

**FOX, IMES & CROSBY LLC**
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

be given; the Court having reviewed and considered the Settlement Motion and the oral argument and representations made by the parties; the Court having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052; and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Settlement Motion is GRANTED; and

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Bankr. P. 9019 the Trustee's proposed settlement agreement with LISA KAYE and GOAT PAYMENTS, INC., attached to this Order as **Exhibit "1"** relating to the certain litigation pending in the Superior Court for the State of California, County of Los Angeles, captioned T1 Payments, LLC v. Lisa Kaye, et al., Case Number 21STCV31033, is APPROVED.

Submitted by:

______________

Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th St., Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

_______________
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC

# # #