Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**DECLARATION OF LENARD E. SCHWARTZER SUPPORTING MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LISA KAYE AND GOAT PAYMENTS, INC. (FRBP 9019)** |

I, LENARD E. SCHWARTZER, do declare the following under penalty of perjury:

1. I am the Chapter 7 Panel Trustee of the bankruptcy estate of debtor T1 PAYMENTS, LLC (the "Debtor"). In this role I have become familiar with the bankruptcy estate in the above-captioned Chapter 7 case.

2. I make this Declaration in support of my *Motion to Approve Settlement Agreement with Lisa Kaye and GOAT Payments, Inc. (FRBP 9019)* (the "Motion") filed concurrently with this Declaration.

3. As set forth in the Motion, I am seeking approval of the settlement agreement I negotiated at arms-length with Lisa Kaye and GOAT Payments, Inc. (the "Kaye Parties") pursuant to Fed.R.Bankr.P. 9019.

4. A copy of the proposed settlement agreement (the "Settlement Agreement") is attached to the Motion as **Exhibit "1,"** and provides in general terms that the Kaye Parties and I agree to mutually release each other and waive any claims against each other.

5. I have concluded that pursuing the Debtor's claims in the California litigation will not result in a net benefit to the estate and does not justify the projected expense and risk, and the Kaye Parties are waiving any claim against the estate for attorney fees related to the litigation.

6. T1 PAYMENTS, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on January 30, 2023 (the "Petition Date"), and I was duly appointed as the Chapter 7 Trustee for this case.

7. I have determined that the assets of this bankruptcy estate include numerous litigation claims pending in various courts in several states including Nevada and California prior to the Petition Date. These claims asserted and litigated by the Debtor prior to the Petition Date are now property of the bankruptcy estate, and the Debtor's claims are not stayed by the automatic stay provisions of 11 U.S.C. § 362.

8. On August 23, 2021, prior to the Petition Date, the Debtor commenced litigation against the Kaye Parties pending in the Superior Court for the State of California, County of Los Angeles, captioned as T1 Payments, LLC v. Lisa Kaye, et al., Case Number 21STCV31033 (the "Kaye Litigation").

9. The Debtor alleged in the Kaye Litigation that the Kaye Parties misappropriated the Debtor's confidential and proprietary information and used this information to solicit the Debtor's clients to transition to GOAT Payments, Inc. Based on the allegations, the Debtor asserted causes of action for (1) misappropriation of trade secrets (Cal. Civil Code § 3426 et seq.), (2) breach of fiduciary duty, (3) breach of duty of loyalty, (4) breach of duty of confidentiality, and (5) conversion.

10. As of the Petition Date, I am now the real party in interest to assert and/or resolve the Debtor's claims in the Kaye Litigation because those claims are now property of the Bankruptcy Estate.

11. The Kaye Litigation is currently scheduled to commence trial in October 2024.

12. The Kaye Parties deny the allegations asserted by the Debtor in the Kaye Litigation and have defended against the claims.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

13. I have reviewed and evaluated the Debtor's claims in the Kaye Litigation, considered the expense and risk of continued litigation, considered the sufficiency of the evidence, and concluded that it is not in the best interest of the estate to continue to expend estate resources litigating the Kaye Litigation. I have determined that the bankruptcy estate is better served by terminating its participation in the litigation in exchange for a mutual waiver of claims.

14. I have negotiated the proposed Settlement Agreement with the Kaye Parties at arms-length to mutually resolve, release, and waive all claims, including the estate's claims in the Kaye Litigation, and any claim the Kaye Parties may assert against the bankruptcy estate for legal fees and costs related to the Kaye Litigation. The key decision point is that this litigation was filed to prevent unlawful competition by a former employee. Since the Debtor is no longer in business, this is irrelevant.

15. I believe the proposed Settlement Agreement is in the best interest of the estate and creditors, and that it is appropriate for the Bankruptcy Court to approve the agreement pursuant to Fed.R.Bankr.P. 9019. I have considered the A&C Properties elements and believe they weigh in favor of approving the proposed settlement.

16. Based on my review and evaluation of the Kaye Litigation, I have determined that continued litigation of the estate's claims would be unlikely to result in a net benefit to the estate and creditors. I did not commence this litigation, and I have not identified any sufficiently compelling evidence that the Kaye Parties can be held liable for the misappropriation and breach claims asserted by the Debtor, and litigation of trade secret misappropriation claims is inherently expensive and risky, and further complicated by the out-of-state venue.

17. Furthermore, during my investigation and review of the Kaye Litigation, including discussions with the opposing party, I learned that the Debtor and the Kaye Parties had been working on a similar settlement agreement for mutual release prior to the Petition Date, but their compromise was never concluded due to the bankruptcy filing. The Debtor's apparent intention to walk away from the litigation reinforced my conclusion that pursuing this litigation was not cost-effective and was not in the best interest of the bankruptcy estate.

18. My conclusion is further supported by the fact that no party was interested in pursuing the Kaye Litigation on my behalf on a contingency fee basis, and no party was interested in purchasing these claims from the estate.

19. I have not comprehensively investigated the financial status of the Kaye Parties, but based on available information, I am concerned that -- even if the bankruptcy estate secured a judgment -- it would be difficult to collect against these parties, particularly since both are located outside the State of Nevada and do not appear to have extensive non-exempt assets.

20. I have also considered the complexity of the litigation, expense, inconvenience and delay. A review of the Kaye Litigation prior to the Petition Date demonstrates the claims now held by the estate for misappropriation of trade secret and various other breaches, are complex and will be difficult and expensive to continue litigating in state court, with all the attendant risk of litigation. I will need to engage counsel to learn and prepare the case for trial in October which will add substantial additional expense and delay for the estate.

21. Since the Kaye Parties are waiving any claim against the estate for attorney's fees and costs, approval of the Settlement Agreement by this Court will facilitate a speedy resolution of the matter with a tangible benefit to the bankruptcy estate.

22. Based on my evaluation and business judgment, I have concluded that terminating the Kaye Litigation is in the best interest of the estate and creditors because the expense and risk of continuing the litigation is unlikely to result in a net benefit.

23. Additionally, the Settlement Agreement confirms that the Kaye Parties waive any claim against the estate for attorney's fees and costs for the Kaye Litigation. This is a tangible benefit to the estate and creditors because such a claim could be substantial and would further dilute the claim pool.

DATED: April 19, 2024.

*/s/ Lenard E. Schwartzer*
Lenard E. Schwartzer

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921