Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**OMNIBUS REPLY TO OPPOSITIONS TO MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN LITIGATION CLAIMS (11 U.S.C. § 363)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

LENARD E. SCHWARTZER (the "Trustee"), Chapter 7 Trustee for the above-captioned bankruptcy estate, by and through his counsel, Fox, Imes & Crosby, LLC, submits this omnibus reply to the Opposition filed by 36 Circles, LLC [ECF No. 93], the Joinder and Opposition filed by New U Life Corporation [ECF No. 94], and the Joinder filed by 36 Circles, LLC [ECF No. 95] (collectively the "Oppositions") to the Trustee's *Motion to Approve Sale of Estate's Interest in Certain Litigation Claims (11 U.S.C. § 363 )* (the "Sale Motion") as follows:

The coordinated Oppositions presented by 36 Circles, LLC ("36 Circles") and New U Life ("NUL") all assert a similar position, but fundamentally mischaracterize the relief requested by the Trustee in his Sale Motion.

**A. The Oppositions Distort the Structure of the Proposed Sale**

1. The Trustee is not proposing to sell any litigation claims that belong to 36 Circles or NUL or any other party, nor is the Trustee using "limitless" language to describe what he is selling. The Trustee is simply selling the bankruptcy estate's interest, to the extent it has any, in

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

the various identified litigation claims. Neither the Sale Motion, the Asset Purchase Agreement, nor the proposed order indicate the Trustee is trying to sell litigation claims that do not belong to the bankruptcy estate.

2. As set forth in the first paragraph of the Trustee's Sale Motion, the Trustee is requesting authorization from this Court to sell:

> **the bankruptcy estate's interest in each of the following three (3) bundles of litigation claims** for the total sum of Thirty Thousand Dollars (**$30,000.00**). . . . pursuant to the terms and definitions set forth in this Motion and in the Asset Purchase Agreement attached to this Motion as **Exhibit "1"**:

*Sale Motion*, p.1:18-20 (emphasis added).

3. The defined term "Estate Litigation Claims" includes "numerous litigation claims" that are "**the assets of this bankruptcy estate**" that are pending in various courts, including USDC and state court, and also "potential claims against parties pursuant to the Bankruptcy Code." *See Sale Motion,* p.2:18-23.

4. The defined term "Estate Litigation Claims" is expressly limited in the Sale Motion and in the Asset Purchase Agreement to claims that are **owned by the bankruptcy estate**, since that is all a trustee may sell.

5. The proposed order (attached as Exhibit "2" to the Sale Motion) further confirms that the Trustee is being authorized "to sell and transfer **100% of the bankruptcy estate's interest in the Estate Litigation Claims**."

6. In the Motion and in the Asset Purchase Agreement, the "Alter Ego Claim" bundle is expressly limited to claims "**which are Estate Litigation Claims.**"

7. In the Motion and in the Asset Purchase Agreement, the "Kasdon/King Chapter 5 Claims" bundle is expressly limited to "claims **held by the bankruptcy estate.**"

8. In the Motion and in the Asset Purchase Agreement, the "Affirmative Claims" bundle is expressly limited to "affirmative claims **held by the bankruptcy estate**."

9. It requires a misreading to suggest the Trustee is trying to sell claims that do not belong to the bankruptcy estate.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**B. The Sale Motion Has No Impact on Alter Ego Claims Held by Other Parties**

10. The bankruptcy estate owns the alter ego claims belonging to the Debtor. The Trustee is proposing to sell those claims, essentially by quitclaim deed (without warranty as to the existence of such claims). The Trustee does not dispute that 36 Circles and NUL may have their own distinct alter ego claims and the Trustee is not selling those claims. The law is that a general alter ego claim is property of the debtor corporation and becomes property of the bankruptcy estate. CBS, Inc. v. Folks (In re Folks), 211 B.R. 378, 387 (B.A.P. 9th Cir. 1997). A particularized alter ego claim belongs to an individual creditor and does not become property of the estate. Id. *See* In re Davey Roofing, 167 B.R. 604, 608 (Bankr. C.D.Cal 1994).

As stated by a Bankruptcy Appellate Panel for the Ninth Circuit (BAP):

> Whether an alter ego claim is property of the bankruptcy estate depends on two things: (1) whether under state law where the corporate debtor is incorporated, the debtor is permitted to pierce its own corporate veil; and (2) whether the claim is a general one, of the type that could be brought by any creditor of the debtor. Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132-33 (2d. Cir. 1993); S.I. Acquistion, Inc. v. Eastway Delivery Serv., Inc., 817 F.2d 1142, 1152-53 (5th Cir. 1987); CBS, Inc. v. Folks (In re Folks), 211 B.R. 378, 384, 387 (9th Cir. BAP 1997), rev'd on other grounds by Ahcom, Ltd. V. Smeding, 623 F.3d 1248 (9th Cir. 2010); Murray v. Miner, 876 F. Supp. 512, 516 (S.D.N.Y. 1995); In re Davey Roofing Inc., 167 B.R. 604, 608 (Bankr. C.D. Cal. 1994), rev'd on other grounds by Ahcom, Ltd. V. Smeding, 623 F.3d 1248 (9th Cir. 2010). If the answer to both of these questions is yes, then the alter ego claim is property of the estate, belongs to the trustee or debtor-in-possession, and cannot belong to any individual creditor. In re Folks, 211 B.R. at 387 (citing Davey Roofing, Inc., 167 B.R. at 606). "This rule ensures that all of a debtor's creditors receive equal treatment: otherwise, those who asserted alter ego claims first would obtain payment of the claims in preference to and to the detriment of other creditors, despite having no greater claim on the alter ego's assets." Murray, 876 F. Supp. At 516 (internal quotation marks and citation omitted).

Capriati Constr. Corp. v. SPER, Inc. (In re Capriati Constr. Corp.), BAP No. NV-17-1200-BHTa, 2018 Bankr. LEXIS 818, at *17 (B.A.P. 9th Cir. Mar. 20, 2018).

In this case, the Trustee is taking no position on whether Nevada law allows a corporation to pierce its own corporate veil. That is why the sale is without warranty.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

11. 36 Circles admits in its 176-page Opposition that it is already briefing and asserting in state court that it holds "particularized alter ego claims" against the defendants that are separate and distinct from the alter ego claims held by the Debtor's bankruptcy estate.

12. Likewise, NUL indicates in its brief that it is already asserting "personal and particularized" claims against the defendants that are separate and distinct from the litigation claims held by the estate in United States District Court for the District of Nevada (USDC).

13. The Buyer is making an informed purchase of the bankruptcy estate's litigation claims with the understanding the state court and USDC will determine if 36 Circles and NUL hold alter ego claims separate from the potential alter ego claims held by the Debtor's bankruptcy estate.

14. There is no basis to suggest that the proposed sale and the proposed order create any "**presumption** that all the claims filed by 36 Circles were alter ego claims owned by the debtor, and that were sold to Donald Kasdon." *See Opposition*, p. 2:24-25. This requires a misreading of the Trustee's Sale Motion and the proposed order, and implies the proposed sale will somehow confuse or trick the state court and USDC, but 36 Circles and NUL have already placed this issue before those courts for determination.

15. 36 Circles also complains at length about the Buyer's representations in state court regarding the proposed sale, but fails to acknowledge the Trustee is not the party making those arguments or representations in state court.

16. 36 Circles also complains that the Trustee "failed to discuss" the difference between the bankruptcy estate's claims and 36 Circles' "particularized alter ego claims" but it would be impossible for a trustee to list and identify the entire universe of possible claims he is <u>not</u> selling in a sale motion.

**C. The Proposed Sale is Appropriate and Justified**

17. Both 36 Circles and NUL spend time excoriating the Debtor's actions and detailing the litigation history in various courts prior to the Petition Date without discussing the merits of the Trustee's proposed asset sale under 11 U.S.C. § 363, except to mischaracterize the sale and to demand that the proposed sale be denied.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

18. The Trustee has articulated a justifiable business reason for the proposed sale that will benefit the bankruptcy estate and creditors. 36 Circles and NUL discussed this sale of the bankruptcy estate's litigation claims with the Trustee and Trustee's counsel, and were given the opportunity to propose alternative language for the order granting the Sale Motion, or to overbid. It appears 36 Circles and NUL made the joint tactical decision to try and discredit the Trustee and to oppose the sale with a mischaracterization of the sale structure, rather than overbid.

19. As noted, the Trustee considered the risk and delay if the bankruptcy estate's litigation claims are not sold, and the detriment to creditors, and concluded the price is justified and represents good business judgment and will result in a meaningful tangible net benefit to the estate and creditors.

20. It is not disputed that the estate currently has zero funds, and after discussions with interested parties the Trustee has not been able to structure a mutually agreeable contingency fee arrangement to pursue the claims and still benefit the bankruptcy estate.

21. If the proposed sale (or sale to an overbidder) is not approved, these claims will be abandoned to the Debtor who was managed by Donald Kasdon and owned by Mr. Kasdon's mother. Abandonment will result in no benefit to the estate.

22. The non-bankruptcy courts are fully capable of determining if any of the objectors hold legitimate "particularized alter ego claims" separate from the alter ego claims held by the bankruptcy estate that are up for sale.

**D. Additional Clarification in Proposed Order**

23. As previously communicated to these parties, the Trustee remains willing to add additional language to the order approving his Sale Motion to further alleviate any alleged uncertainty. Toward the end, the Trustee is agreeable to adding the following additional paragraph to the order approving the proposed sale:

> **IT IS FURTHER ORDERED** that the Trustee does not have the authority to sell, and this Court is not approving the sale of, claims of creditors (including but not limited to 36 Circles, LLC, 36 Circles, Ltd., and New U Life Corporation) which are personal alter ego claims held by creditors of the bankruptcy estate, i.e., claims of creditors that suffered damages individually that cannot be brought

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

> by another party, or of any other claims that creditors may hold against any other non-debtor parties.

A revised version of the Trustee's original proposed sale order is attached to this Omnibus Reply as **Exhibit "3"** with strikeouts indicating excisions and with double underlines indicating added language.

With this clarification, the proposed sale should be approved.

DATED: May 15, 2024.

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

# EXHIBIT "3"

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**[ PROPOSED ] ORDER GRANTING MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN LITIGATION CLAIMS (11 U.S.C. § 363)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

The Trustee's *Motion to Approve Sale of Estate's Interest in Certain Litigation Claims (11 U.S.C. § 363 )* (the "Motion") [ECF No. ___ ] having come before this Court on the ___ day of ______ , 2024; LENARD E. SCHWARTZER, Chapter 7 Trustee appointed in the above-captioned bankruptcy case, appearing by and through his counsel, Fox, Imes & Crosby, LLC, and any other parties appearing as noted on the record; ~~no opposition having been filed~~ having received and considered the opposition briefs filed by creditor 36 Circles, LLC [ECF No. 93] and Creditor New U Life [ECF No. 94], and no overbids offered; it appearing that notice and an opportunity for a hearing on the Motion has been given and is appropriate under the circumstances

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

in this Chapter 7 case, and that no other or further notice need be given; the Court having reviewed and considered the Motion, the briefs of Creditors, and the oral argument and representations made by the parties; the Court having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell and transfer 100% of the bankruptcy estate's interest in the Estate Litigation Claims[1] to DONALD KASDON (the "Buyer"), and/or his assigns pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without warranty, free and clear of liens, claims, and other interests, pursuant to the terms set forth in the Motion and in the attached Asset Purchase Agreement (**Exhibit "1"**), for the following sums:

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $20,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

IT IS FURTHER ORDERED that the Trustee does not have the authority to sell, and this Court is not approving the sale of, claims of creditors (including but not limited to 36 Circles, LLC, 36 Circles, Ltd., and New U Life Corporation) which are personal alter ego claims held by creditors of the bankruptcy estate, i.e., claims of creditors that suffered damages individually that cannot be brought by another party, or of any other claims that creditors may hold against any other non-debtor parties; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents reasonably necessary to close the sale and to transfer possession and all of the bankruptcy estate's right, title, and interest in the Estate Litigation Claims to the Buyer and/or his assigns free and clear of liens, claims, and other interests; and

[1] All capitalized terms used herein and not otherwise defined shall have the same meaning herein as in the Motion.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**IT IS FURTHER ORDERED** that disputed liens, if any, asserted against the bankruptcy estate's interest in the Estate Litigation Claims shall attach to the proceeds with payment subject to separate approval and order by this Court.

Submitted by:

______________________________

Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

____________

Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC

# # #