Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 23, 2024

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT WITH LISA KAYE AND GOAT PAYMENTS, INC. (FRBP 9019)**<br><br>Hearing Date: May 22, 2024<br>Hearing Time: 2:30 p.m. |

The Trustee's *Motion to Approve Settlement Agreement with Lisa Kaye and GOAT Payments, Inc. (FRBP 9019)* (the "Settlement Motion") [ECF No. 87] having come before this Court on the 22nd day of May, 2024; LENARD E. SCHWARTZER, Chapter 7 Trustee, appearing by and through his counsel, Jason A. Imes, Esq., of the law firm of Fox, Imes & Crosby, LLC; other parties appearing as noted on the record, and no opposition having been filed; it appearing that notice and an opportunity for a hearing on the Motion has been given and is appropriate under the circumstances in this Chapter 7 case, and that no other or further notice need be given; the

**FOX, IMES & CROSBY LLC**
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

Court having reviewed and considered the Settlement Motion and the oral argument and representations made by the parties; the Court having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052; and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Settlement Motion is GRANTED; and

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Bankr. P. 9019 the Trustee's proposed settlement agreement with LISA KAYE and GOAT PAYMENTS, INC., attached to this Order as **Exhibit "1"** relating to the certain litigation pending in the Superior Court for the State of California, County of Los Angeles, captioned T1 Payments, LLC v. Lisa Kaye, et al., Case Number 21STCV31033, is APPROVED.

Submitted by:

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th St., Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☒ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC

# # #

# EXHIBIT "1"

**SETTLEMENT AGREEMENT AND RELEASE**

This SETTLEMENT AGREEMENT and RELEASE ("Agreement") is made and entered into as of the last execution date below (the "Effective Date") by and between Lenard E. Schwartzer (the "Trustee"), as Chapter 7 Trustee for the bankruptcy estate of T1 Payments, LLC ("T1"), on the one hand, and Lisa Kaye and GOAT Payments, Inc. ("GOAT"). The Trustee, Kaye, and GOAT shall each be referred to as a "Party" and together as the "Parties."

**RECITALS**

WHEREAS, on August 23, 2021, T1 commenced litigation against GOAT and Kaye, which is pending in the Superior Court for the State of California, County of Los Angeles, and is entitled *T1 Payments, LLC v. Lisa Kaye, et al.*, Case Number 21STCV31033 (the "Action");

WHEREAS, T1 alleged in the Action that Kaye and GOAT misappropriated T1's confidential and proprietary information, and used this information to solicit T1's clients to transition to GOAT. Based on the allegations, T1 asserted causes of action for (1) Misappropriation of Trade Secrets (Cal. Civil Code § 3426 *et seq.*), (2) Breach of Fiduciary Duty, (3) Breach of Duty of Loyalty, (4) Breach of Duty of Confidentiality, and (5) Conversion;

WHEREAS, on January 30, 2023, T1 filed a petition pursuant to Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court, District of Nevada (*In re T1 Payments, LLC,* Case No. 23-10290-MKN) (the "Bankruptcy Case") and the Trustee was appointed as the Chapter 7 Trustee to administer the resulting bankruptcy estate (the "Bankruptcy Estate"). As such, the Trustee is now the real party in interest to assert and/or resolve T1's claims in the Action because those claims are now property of the Bankruptcy Estate;

WHEREAS, Kaye and GOAT deny the allegations of the Complaint;

WHEREAS, the Parties understand, acknowledge, and agree that this Agreement is the compromise of the claims raised in the Action and that nothing contained herein constitutes an admission of liability or wrongdoing. At this time, however, the Parties desire to avoid further litigation expenses and to resolve T1's claims against Kaye and GOAT as they relate to the Action as fully set forth herein;

NOW, THEREFORE, in consideration of the covenants contained in this Agreement, and for other further good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, including the avoidance of further costs, inconvenience, and uncertainties of litigation, the Parties agree as follows:

**TERMS OF SETTLEMENT**

The recitals above are incorporated herein, in their entirety, by this reference. The Parties hereby agree as follows:

1. <u>Provision of Information</u>: Within five (5) business days of the full execution of this Agreement, GOAT and Kaye agree to provide information sufficient to identify any previous client or customer of T1 ("Former T1 Client") who became a client or customer of GOAT

(regardless if the Former T1 Client remains a client or customer of GOAT) if requested by the Trustee. GOAT and Kaye also agree to provide information sufficient to identify any Former T1 Client who GOAT and/or Kaye assisted in onboarding elsewhere. A Former T1 Client includes clients or customers whose principals may operate under a different entity at the time that it/they became a client or customer of GOAT, or at the time that GOAT and/or Kaye assisted in onboarding it/them elsewhere, provided that GOAT and/or Kaye has knowledge of that prior relationship. This information will be accompanied by a declaration sufficient to authenticate this information as a business record under California Evidence Code § 1271, which format counsel for the Trustee shall provide.

2. Dismissal of the Pending Litigation: Promptly upon full execution of this Agreement, and entry of an order of the Bankruptcy Court approving this Agreement pursuant to Fed.R.Bankr.P. 9019, the parties will stipulate to dismiss the Action with prejudice. Upon execution of this Agreement, the Trustee shall promptly seek Bankruptcy Court approval of this Agreement pursuant to Fed.R.Bankr.P 9019.

3. Attorneys' Fees and Costs: The Parties shall bear their own attorneys' fees and costs in connection with the Action and in connection with performance of this Agreement.

4. Mutual Releases: Except for the obligation to provide the information in Paragraph 1 of this Agreement, the Trustee on the one hand, and Goat and Kaye on the other hand, including said Parties' successors, predecessors, subsidiaries, affiliated entities, heirs, assigns, executors, administrators, conservators, trusts, beneficiaries, agents, servants, employees, officers, directors, partners, owners, and representatives ("Releasors") irrevocably release, acquit, dismiss, and forever discharge the Parties on the other side, including said Parties' successors, predecessors, subsidiaries, affiliated entities, heirs, assigns, executors, administrators, conservators, trusts, beneficiaries, agents, servants, employees, officers, directors, partners, owners, representatives, and attorneys ("Releasees") from any and all past, present, and future claims, actions, demands, obligations, damages, injuries, losses, causes of action, remedies, costs, expenses, compensation, debts, liens, and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, that Releasors have or may have at the time of the Effective Date arising out of, relating to, or based upon the matters alleged in the Action and/or the Parties' business or employment relations, including but not limited to all causes of action brought in the Pending Litigation, any claims for declaratory relief, economic damages, non-economic damages, punitive damages, pre-judgment interest, post-judgment interest, or attorneys' fees and costs, and any and all tort, contract, or statutory claims of any type or nature whatsoever ("Released Claims").

5. Release and Waiver of Rights Under Section 1542: The Parties to this Agreement further warrant, represent and agree that they are fully aware of California Civil Code Section 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR**

**HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties hereby waive and relinquish every right or benefit that they have or might have under Section 1542 to the fullest extent that they may lawfully waive such right or benefit with regard to the subject matter of this Agreement. In connection with such waiver and relinquishment, the Parties acknowledge that they are aware that they might later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention hereby fully, finally, and forever to settle and release all matters, known or unknown, suspected or unsuspected, which now exist, might exist, or previously existed, prior to and including the Effective Date between the Parties as set forth above. This Agreement is intended to be and is final and binding, regardless of any claims of misrepresentation, concealment of fact, or mistake of law or fact, and shall be and remain in effect as a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

6. No Admission of Liability or Wrongdoing: Nothing herein shall constitute or be construed as an admission or concession by the Parties of: (i) liability of any nature; or (ii) the truth of any allegations made in the Complaint. Neither this Agreement nor the terms or contents thereof shall be admissible in any court, administrative proceeding, arbitration, or other dispute resolution proceeding except to the extent necessary to enforce the rights and/or obligations arising under this Agreement.

7. Cooperation/Facilitation: The Parties agree to cooperate fully, to execute and deliver any and all supplementary documents, and to take all additional actions that reasonably may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement without the receipt of further consideration.

8. Successors and Assigns: This Agreement will be binding upon the Parties' successors, assigns, heirs, executors, administrators, and other legal representatives.

9. Retained Jurisdiction and Enforcement under C.C.P. § 664.6. The Parties agree that each has the right to enforce this Settlement Agreement, or any provision thereof, by filing any appropriate motion or proceeding, including, without limitation, a motion pursuant to California Code of Civil Procedure § 664.6, in the appropriate law and motion department of the Los Angeles County Superior Court. The Parties further agree, acknowledge and stipulate that the Los Angeles County Superior Court, shall have jurisdiction over the Parties to determine any motion brought pursuant to California Code of Civil Procedure § 664.6. The parties hereto expressly agree that the request for dismissal of the Action with prejudice shall include the following language: "The court is to retain jurisdiction pursuant to CCP § 664.6 and the settlement agreement attached hereto as Exhibit 'A'".

10. Confidentiality: The Parties shall keep the terms of this Agreement confidential, except that the Parties may disclose this Agreement to their advisors, accountants, and investors, provided they maintain the terms of the Agreement confidential. The Parties may also disclose this Agreement if required by law or court order; however, before such disclosure, the Party that

intends to disclose the Agreement shall give written notice of its intent to do so in time for the other party, if it decides to do so, to file for a protective order. In addition, the Parties may disclose that they have settled the Action, but without disclosing the terms of this Agreement. The parties also acknowledge and agree that a copy of this Agreement may be attached as an exhibit to the Trustee's motion for Bankruptcy Court approval of this Agreement pursuant to Fed.R.Bankr.P. 9019.

11. Entire Agreement: This Agreement represents the entire agreement between the Parties regarding the matters set forth herein and supersedes all prior agreements and discussions. There are no warranties, representations, agreements, promises, or terms other than as set forth herein. The terms of this Agreement may be amended, waived, canceled, novated, or modified only by a writing signed by the Party against whom said amendment, waiver, cancellation, novation, or modification is asserted.

12. Construction: The Parties acknowledge that they were represented by independent and competent legal counsel in connection with the negotiation and drafting of this Agreement, and that this Agreement has been collectively and jointly drafted by the Parties. Consequently, the interpretation of this Agreement (or any specific provision herein) shall not be construed either for or against any particular Party based upon its status as the drafter of such provision.

13. Severability: In the event that any provision of this Agreement shall be found unenforceable by an arbitrator or court of competent jurisdiction, the provision shall be deemed modified to the extent necessary to allow enforceability of the provision as so limited, it being intended that the Parties shall receive the benefits contemplated herein to the fullest extent permitted by law. If a deemed modification is not satisfactory in the judgment of such arbitrator or court, the unenforceable provision shall be deemed deleted, and the validity and enforceability of the remaining provisions shall not be affected thereby.

14. Knowing and Voluntary Agreement: Each of the Parties has been advised by their respective counsel as to the terms of this Agreement and understands and knowingly and voluntarily agrees to the terms of this Agreement without duress or influence by any other Party or any third person. Each natural person signing this Agreement on behalf of a Party represents and warrants that he or she has authority to bind that Party to this Agreement.

15. Survival: All of the representations, warranties, and covenants provided herein shall survive the date of this Agreement.

16. Counterparts and Signatures: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile or email may be used and shall be binding on all Parties. This Agreement, regardless of whether it has original, facsimile, copy, or pdf signatures, shall be binding and enforceable upon the affixing of such signatures by the Parties to this Agreement.

17. Headings: Titles, headings, or captions herein are inserted as a matter of convenience, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof

18. Attorneys' Fees. Each Party to this Agreement shall bear his or its own attorneys' fees and cost incurred in connection with the defense and prosecution of the Complaint and the negotiations and execution of this Agreement. However, in the event that any party is forced to bring an action to enforce or defend this Agreement, the prevailing party in that action shall be entitled to his/its reasonable fees and costs.

**DATED: April ___, 2024** **Bankruptcy Estate of T1 Payments, LLC**

**By: Lenard E. Schwartzer**
**Title: Chapter 7 Trustee for the Bankruptcy Estate of T1 Payments, LLC**

**Signature:**________________________________________

**DATED: April ___, 2024** **GOAT Payments, Inc.**
4/18/2024

**By:** Rory Cypers
**Title:** na

**Signature:** DocuSigned by: Rory Cypers DE7759359A82457...

**DATED: April ___, 2024** **Lisa Kaye**
4/10/2024

**Signature:** DocuSigned by: Lisa Kaye 2939EF87ABD340F...

18. Attorneys' Fees. Each Party to this Agreement shall bear his or its own attorneys' fees and cost incurred in connection with the defense and prosecution of the Complaint and the negotiations and execution of this Agreement. However, in the event that any party is forced to bring an action to enforce or defend this Agreement, the prevailing party in that action shall be entitled to his/its reasonable fees and costs.

**DATED: April 11, 2024**

**Bankruptcy Estate of T1 Payments, LLC**

**By: Lenard E. Schwartzer**
**Title: Chapter 7 Trustee for the Bankruptcy Estate of T1 Payments, LLC**

**Signature:**____________________

**DATED: April ___, 2024**

**GOAT Payments, Inc.**

**By:**
**Title:**

**Signature:**____________________

**DATED: April ___, 2024**

**Lisa Kaye**

**Signature:**____________________