Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
August 26, 2024

Jason A. Imes Esq., NV Bar No. 7030
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 382-1007
Facsimile: (702) 382-1921
E-Mail: info@FICLegal.com
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>T1 PAYMENTS, LLC,<br><br>Debtor. | Case No. BK-23-10290-MKN<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO APPROVE SALE OF ESTATE'S INTEREST IN CERTAIN LITIGATION CLAIMS (11 U.S.C. § 363)**<br><br>Hearing Date: August 7, 2024<br>Hearing Time: 2:30 p.m. |

The Trustee's *Motion to Approve Sale of Estate's Interest in Certain Litigation Claims (11 U.S.C. § 363 )* (the "Motion") [ECF No. 83][1] having come before this Court on the 7th day of August, 2024; LENARD E. SCHWARTZER (the "Trustee"), Chapter 7 Trustee appointed in the above-captioned bankruptcy case, appearing by and through his counsel, Fox, Imes & Crosby, LLC, and any other parties appearing as noted on the record; the Court having received and

[1] In this Order, all references to "ECF No." are to the number assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

considered the related filings including opposition briefs filed by creditor 36 Circles, LLC ("36C") [ECF No. 93] and Creditor New U Life Corporation ("NUL") [ECF No. 94], the Trustee's omnibus reply [ECF No. 96], the Trustee's supplement [ECF No. 104], 36C's supplement [ECF No. 105], and the Trustee's response [ECF No. 109], and the bids and offers from various parties; it appearing that notice and an opportunity for a hearing on the Motion has been given and is appropriate under the circumstances in this Chapter 7 case, and that no other or further notice need be given; the Court having reviewed and considered the Motion and related briefs, and the oral argument and representations made by the parties; the Court having made its findings of fact and conclusions of law upon the record, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and in the Court's *Order Overruling Objections to Trustee's Motion to Sell Free and Clear of Liens Under Section 363(f) to Approve Sale of Estate's Interest in Certain Litigation Claims* [ECF No. 121], and good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to sell and transfer 100% of the bankruptcy estate's interest in the Estate Litigation Claims[2] to DONALD KASDON (the "Buyer"), and/or his assigns pursuant to 11 U.S.C. §363(b)(1) and §363(f) "as is," "where is," and without warranty, free and clear of liens, claims, and other interests, pursuant to the terms set forth in the Motion and in the attached Asset Purchase Agreement (**Exhibit "1"**), for the following sums:

| | | |
|---|---|---|
| Bundle 1. | Alter Ego Claims | $26,000.00 |
| Bundle 2. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| Bundle 3. | Affirmative Claims | $ 3,500.00 |

**IT IS FURTHER ORDERED** that the Trustee does not have the authority to sell, and this Court is not approving the sale of, claims of creditors (including but not limited to 36 Circles, LLC, 36 Circles, Ltd., and New U Life Corporation) which are personal alter ego claims held by creditors of the bankruptcy estate, i.e., claims of creditors that suffered damages individually that cannot be

[2] All capitalized terms used herein and not otherwise defined shall have the same meaning herein as in the Motion.

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

brought by another party, or of any other claims that creditors may hold against any other non-debtor parties; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to execute any documents reasonably necessary to close the sale and to transfer possession and all of the bankruptcy estate's right, title, and interest in the Estate Litigation Claims to the Buyer and/or his assigns free and clear of liens, claims, and other interests; and

**IT IS FURTHER ORDERED** that disputed liens, if any, asserted against the bankruptcy estate's interest in the Estate Litigation Claims, shall attach to the proceeds with payment subject to separate approval and order by this Court.

Submitted by:

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
*Attorneys for Lenard E. Schwartzer, Chapter 7 Trustee*

APPROVED:

*/s/ David Mincin*
David Mincin, Esq.
MINCIN LAW, PLLC
7465 W. Lake Mead Blvd., Suite #100
Las Vegas, Nevada 89128
*Attorneys for 36 Circles, LLC*

APPROVED:

*/s/ Bryan L. Paschal*
Bryan L. Paschal, Esq.
STRADER PASCHAL, PLLC
150 S Pine Island Rd Suite 300,
Plantation, Florida 33324
*Attorneys for Buyer, Donald Kasdon*

APPROVED:

*/s/ Puoy K. Premsrirut*
Puoy K. Premsrirut, Esq.
BROWN, BROWN & PREMSRIRUT
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
*Attorneys for New U Life Corporation*

FOX, IMES & CROSBY LLC
601 S. 10th Street, Suite 202
Las Vegas, Nevada 89101
Tel: (702) 382-1007 · Fax: (702) 382-1921

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| David Mincin, Esq.: | APPROVED |
| Puoy K. Premsrirut, Esq.: | APPROVED |
| Bryan L. Paschal, Esq.: | APPROVED |

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

*/s/ Jason A. Imes*
Jason A. Imes, Esq.
FOX, IMES & CROSBY, LLC

###

# EXHIBIT “1”

# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of the signatures below, is by and between **LENARD E. SCHWARTZER,** as chapter 7 trustee (the "Trustee") of the bankruptcy estate of T1 Payments, LLC, and **DONALD KASDON** ("Kasdon"). Trustee and Kasdon may be referred to as the Parties, or each a Party.

## RECITALS:

**WHEREAS**, on January 30, 2023 (the "Petition Date"), debtor T1 PAYMENTS, LLC (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), assigned Case No. 23-10290-mkn, and the Trustee was appointed as the Chapter 7 Trustee to administer the bankruptcy estate and its assets (the "Bankruptcy Estate"); and

**WHEREAS**, the Trustee has determined that the assets of the Debtor's Bankruptcy Estate include numerous pending and potential litigation claims that may be pursued and/or liquidated for the benefit of the Bankruptcy Estate and creditors; and

**WHEREAS**, Kasdon has offered to purchase the following particular litigation claims (collectively the "Estate Litigation Claims") held by the bankruptcy estate for the following sums:

| Litigation Claim Description | Defined Name | Purchase Amount |
|---|---|---|
| The claims made against Kasdon, Debra King, and Amber Fairchild in their individual capacities (collectively, the "Individual Defendants")based on "alter ego" theories (collectively, the "Alter Ego Claims"), which are Estate Litigation Claims. The Alter Ego Claims include, but are not limited to, the following:<br><br>*T1 Payments, LLC v. New U Life Corporation* (USDC Case No. 19-cv-01816):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants; and<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants.<br><br>*36 Circles LLC v. T1 Payments, LLC, et al.* (Clark County Case No. A-22-851903-C):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Theft against the Individual Defendants;<br>• Money had and received against the Individual | "Alter Ego Claims" | 20,000.00 |

| | | |
|---|---|---|
| Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Declaratory and injunctive relief against the Individual Defendants; and<br>• Fraudulent transfer against the Individual Defendants;<br><br>*Household Appliance UK LTD v. T1 Payments, LLC, et al.* (USDC Case No. 22-cv-01899):<br><br>• Fraud against the Individual Defendants;<br>• Conversion against the Individual Defendants;<br>• Civil theft against the Individual Defendants;<br>• Money had and received against the Individual Defendants;<br>• Unjust Enrichment against the Individual Defendants;<br>• Civil Rico pursuant to NRS 207.470 against the Individual Defendants;<br>• Civil Rico pursuant to 18 U.S.C. § 1961, *et seq*., against the Individual Defendants;<br>• Breach of contract against the Individual Defendants;<br>• Breach of implied covenant of good faith and fair dealing against the Individual Defendants;<br>• Business disparagement against the Individual Defendants;<br>• Tortious interference against the Individual Defendants;<br>• Tortious interference with prospective economic relations against the Individual Defendants; and<br>• Fraudulent conveyance against the Individual Defendants.<br><br>*Hyper SLS Ltd, et al., v. T1 Payments, LLC*, (USDC Case No. 22-cv-01517);<br><br>• Any claims that could have been brought against the Individual Defendants that are based on theories of alter ego. | | |
| Any claims held by the bankruptcy estate against Donald Kasdon or Debra King pursuant to Chapter 5 of the Bankruptcy Code (11 U.S.C. §§ 501-562) | "Kasdon/King Chapter 5 Claims" | 6,500.00 |
| Any affirmative claims held by the bankruptcy estate against New U Life Corporation, PayVision B.V., Bullion Holdings LLC (including claims for restitution), and any law firm that provided service to the Debtor prior to the Petition Date. | "Affirmative Claims" | 3,500.00 |

**WHEREAS**, the Trustee has concluded that selling these Estate Litigation Claims for the sums proposed is in the best interest of the bankruptcy estate, with the understanding that these Estate Litigation Claims are being sold as-is, where-is, without warranty, subject to overbid, and subject to Bankruptcy Court approval pursuant to 11 U.S.C. § 363, and he has accordingly negotiated the terms set forth in this Asset Purchase Agreement at arms-length for that purpose; and

**WHEREAS**, subject to Bankruptcy Court approval, the Trustee has the power and authority to sell and assign all of the Bankruptcy Estate's right, title and interest in and to each Estate Litigation Claim to Kasdon, or such qualified overbidder (with the successful purchaser of each Estate Litigation Claim referred to hereinafter as "Purchaser").

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The following purchase prices for each of the Estate Litigation Claims shall be delivered to the Trustee within three (5) business days of receipt by Kasdon or his Counsel of this executed Agreement in the following amounts:

| | | |
|---|---|---|
| a. | Alter Ego Claims | $20,000.00 |
| b. | Kasdon/King Chapter 5 Claims | $ 6,500.00 |
| c. | Affirmative Claims | $ 2,500.00 |

The Trustee shall hold said funds as a deposit in trust pending entry of an order of the Bankruptcy Court approving the sale of the Estate Litigation Claims and after fourteen (14) calendar days for the notice of any appeal.

Any remaining balance of any approved purchase of an Estate Litigation Claim shall be paid by the buyer to the Trustee no later than 14 days after entry of an order of the Bankruptcy Court approving the sale of an Estate Litigation Claim. If any of the Estate Litigation Claims are sold to any overbidding buyer other than Kasdon, then the corresponding funds deposited by Kasdon for that particular asset shall be timely refunded by the Trustee back to Kasdon.

2. **Assignment Assets and Claims.** Upon approval of this Purchase Agreement and receipt of the purchase proceeds, the Trustee irrevocably and unconditionally sells, assigns, transfers and conveys to the purchaser all of the Bankruptcy Estate's right, title and interest under, in and to the purchase asset, as well as any and all claims and rights related to the purchased asset, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the purchase asset, the right to pursue or abandon any appropriate litigation as the holder of said claim, and all amounts, interest, and costs due under the purchased assets.

3. **Authority to Sell.** Subject to Bankruptcy Court approval, the sale of any Estate Litigation Claim by the Trustee is made pursuant to the authority vested in the Trustee.

4. **Payments Received on Assets.** The Trustee further agrees that any payments received by the Trustee on account of any Estate Litigation Claims after the close of this sale shall constitute property of the purchaser and the Trustee will promptly deliver such payment to purchaser.

**UNLESS SPECIFICALLY SET FORTH HEREIN, THE TRUSTEE SELLS, ASSIGNS, AND TRANSFERS ESTATE LITIGATION CLAIMS TO PURCHASERS "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER**

**EXPRESS, IMPLIED OR IMPOSED BY LAW. HOWEVER, THIS ENTIRE AGREEMENT IS CONDITIONED UPON TO BANKRUPTCY COURT APPROVAL.**

5. **Free and Clear Sale.** The sale of Estate Litigation Claims shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

6. **Documents of Assignment.** The Trustee shall execute and deliver to any purchaser such documents as are reasonably requested to evidence and effectuate the transfer and assignments contemplated by this Agreement in a form reasonably acceptable to the parties hereto.

7. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between the Trustee and Kasdon for the purchase of the Estate Litigation Claims and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

8. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of the Trustee and the Purchaser.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of Nevada. Any action to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in the United States Bankruptcy Court, District of Nevada. The Parties submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

10. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year written below.

**DONALD KASDON**

By: Donald Kasdon
Donald Kasdon (Apr 4, 2024 16:36 GMT+1)
Name: Donald Kasdon Date: April 4, 2024
Its:

Address:

**BANKRUPTCY ESTATE OF T1 PAYMENTS, LLC**

By: ______________________________
Name: LENARD E. SCHWARTZER Date:
Its: Chapter 7 Trustee

Address: 6655 W. Sahara Ave., #B200-107, Las Vegas, NV 89146

**EXPRESS, IMPLIED OR IMPOSED BY LAW. HOWEVER, THIS ENTIRE AGREEMENT IS CONDITIONED UPON TO BANKRUPTCY COURT APPROVAL.**

5. **Free and Clear Sale.** The sale of Estate Litigation Claims shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

6. **Documents of Assignment.** The Trustee shall execute and deliver to any purchaser such documents as are reasonably requested to evidence and effectuate the transfer and assignments contemplated by this Agreement in a form reasonably acceptable to the parties hereto.

7. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between the Trustee and Kasdon for the purchase of the Estate Litigation Claims and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

8. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of the Trustee and the Purchaser.

9. **Governing Law.** This Agreement shall be governed by the laws of the State of Nevada. Any action to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in the United States Bankruptcy Court, District of Nevada. The Parties submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

10. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year written below.

**DONALD KASDON**

By: Donald Kasdon
Donald Kasdon (Apr 4, 2024 16:36 GMT+1)
Name: Donald Kasdon Date: April 4, 2024
Its:

Address:

**BANKRUPTCY ESTATE OF T1 PAYMENTS, LLC**

By: [signature] 4/4/24
Name: LENARD E. SCHWARTZER Date:
Its: Chapter 7 Trustee

Address: 6655 W. Sahara Ave., #B200-107, Las Vegas, NV 89146